IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

QUINNIA L. YATES                                                                                  PLAINTIFF

V.                                                                                         CASE NO. 1:06CV40

MIKE JOHANNS, SECRETARY OF
AGRICULTURE; UNITED STATES
DEPARTMENT OF AGRICULTURE                                                          DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court on the motion [6-1] of Mike Johanns, Secretary of the United States Department of Agriculture to dismiss the plaintiff's complaint, or in the alternative, for a grant of summary judgment. The court has reviewed the briefs and submissions and is prepared to rule.

Plaintiff Yates began her employment with the USDA in June of 1972 in Durant, Oklahoma. She began working as a Biological Technician at Mississippi State, MS with the USDA/Agricultural Research Service in June of 1983. According to the plaintiff, her primary job responsibilities involved working with plants. She also alleges that in March of 2003 she was approached by her supervisor, Dr. Dennis Rowe, and told that she should consider retirement. On March 18, 2004, Dr. Rowe asked her to switch positions with USDA employee Natalie Holmes. Holmes worked as a technician in animal-human pathogen research and analysis, which is classified as a Biohazard Level II Lab. Mrs. Yates declined to switch positions with Ms. Holmes. Dr. Rowe asked Mrs. Yates to switch positions with Ms. Holmes again on March 26, 2004, which she declined. After this refusal, Mrs. Yates contends that Dr. Rowe

1

began creating a hostile work environment for her. Ms. Holmes eventually left the USDA in September of 2004, and her position remained vacant until February 9, 2005, when Dr. Rowe sent an email notifying the staff of reorganization. In particular, the email stated that the plaintiff would be reassigned to animal pathology research effective February 16, 2005.

Mrs. Yates accepted the reassignment under protest, asserting that she was not qualified for the job and that she was afraid of contracting a disease from working with animal and human pathogens. Mrs. Yates believes that she was transferred in retaliation for her prior refusal to voluntarily transfer to the pathogen research lab. She also contends that her reassignment forced her to retire on February 25, 2005. Ms. Yates initially contacted an EEO officer on February 10, 2005, one day after she learned of her reassignment, and filed a formal complaint on March 21, 2005. An investigation commenced and a Report of Investigation issued on July 28, 2005. The plaintiff filed this action on February 22, 2006. Her complaint alleged age discrimination and constructive discharge, retaliation, negligent and intentional infliction of emotional distress, and breach of employment contract.

The defendant has moved to dismiss this action pursuant to Fed. R. Civ. Pro. 12(b)(1), lack of subject matter jurisdiction. Subject matter jurisdiction can never be forfeited or waived. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 1244, 163 L.Ed. 2d 1097 (2006). A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Montez v. Department of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). A "facial attack" on the complaint requires the court to merely look and see if a plaintiff has sufficiently alleged a basis of subject

matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (1980). A "factual attack," however, challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. *Id*. No presumptive truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case. *Montez*, 392 F.3d at 149.

The defendant makes a factual attack and maintains that the plaintiff's formal EEO complaint is untimely. Mrs. Yates initiated EEO contact on February 10, 2005. On February 24, 2005, the plaintiff was mailed written notification that she had fifteen days in which to file a formal EEO complaint. Delivery of the letter was attempted on March 3, 2005, but was returned as "refused." Mrs. Yates was unaware of the attempted delivery, and believing that her claim had not been responded to, faxed a letter on March 21, 2005 to the EEO counselor requesting a formal investigation. A letter dated December 21, 2005, explains the refusal of the letter. Ms. Yates says that her husband told her that he refused to sign for a "Return Receipt Requested" letter because he thought it contained a fabricated job description written by Dr. Rowe. She maintained that she never received any communication regarding the contents of the March 3 letter.

EEOC Regulation 29 C.F.R. § 1614.106(b) provides that a complaint must be filed within 15 days of receipt of the notice required by § 1614.105(d), (e), or (f). The defendants insist that even if the March 21, 2005, letter constituted a formal complaint, the letter is untimely as more than fifteen days had elapsed since delivery was attempted on March 3, 2005. Actual receipt of a

3

document is generally necessary to commence the running of a regulatory time limit. *Dodson-Price v. Dept. of the Air Force*, EEOC Appeal No. 01A31750 (July 24, 2003) (quoting *Woehr v. United States Postal Service*, EEOC Request No. 05960657 (July 3, 1997)). However, a regulatory time limit may run where due diligence is used to deliver appropriate rights to a complainant but the effort is unsuccessful. *Id.* While the USDA did attempt to deliver the letter to Ms. Yates once, one attempt at delivery can hardly be construed as due diligence. Ms. Yates was unaware of the attempted delivery, and the evidence presented by the USDA shows that there were never any subsequent attempts to provide notice that would commence the running of the regulatory time limit. Further, Ms. Yates was not dilatory in pursuing her claim. She continued to initiate contact with the EEOC, even while she was under the impression that no action had been taken with regard to her claim. As such, the defendant's motion to dismiss for lack of subject matter jurisdiction must fail.

The defendant also claims that the plaintiff cannot establish a prima facie case of age discrimination and constructive discharge, retaliation, and that her state law claims should be dismissed under the dictates of the Federal Tort Claims Act.

<u>Age Discrimination</u>

To establish a *prima facie* case of age discrimination, a plaintiff must prove: (1) she was a member of the protected class of individuals over forty years of age, (2) she was qualified for the job in question, (3) she suffered an adverse employment action, and (4) she was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of her age. *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999).

4

If a plaintiff is successful in establishing a *prima facie* case of discrimination, then the burden shifts to the defendant to produce a legitimate, nondiscriminatory justification for its actions. *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If the defendant can articulate a reason that, if believed, would support a finding that the action was nondiscriminatory, then the inference of discrimination created by the plaintiff's *prima facie* case disappears and the factfinder must decide the ultimate question of whether the plaintiff has proven intentional discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511-12, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). The Fifth Circuit has made it clear that, in order to survive summary judgment, an ADEA plaintiff is not limited to demonstrating that the stated reason for terminating her is false, as long as she can create fact issues as to whether discrimination was one factor which motivated her termination. *Rachid v. Jack in the Box*, 376 F.3d 305, 312 (5th Cir. 2004).

The plaintiff was sixty-one years old at the time of her reassignment, establishing her membership in a protected class. Neither party disputes that Ms. Yates was qualified for the technician position that involved plant research. Ms. Yates reiterates that she had occupied that position for nearly thirty-two years. However, in this most unusual circumstance, the plaintiff alleges that she was not qualified to occupy a position as a technician involving research with animal and human pathogens, while the defendant claims that she was more qualified for the position than all other lab technicians.

The plaintiff asserts that her transfer in itself constituted an adverse employment action because the working conditions were less desirable. She also claims that the working conditions she would be subjected to as a result of the transfer resulted in a constructive discharge. While

5

she has not expressly alleged that the transfer constituted a demotion, to establish a demotion, an employee must show a loss in duties, benefits, or compensation. *Peterson v. City of Dallas*, 135 Fed. Appx. 635, 638 (5th Cir. 2005) (quoting *Pegram v. Honeywell, Inc*., 361 F.3d 272, 278 (5th Cir.2004)). Ms. Yates has not demonstrated that her transfer would result in a loss of duties, benefits, or compensation, so it does not meet the requirements of a demotion. However, constructive discharge would constitute an adverse employment action.

To establish constructive discharge, the plaintiff must show working conditions so intolerable that a reasonable person would have felt compelled to resign. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 147, 124 S.Ct. 2342, 2354, 159 L.Ed.2d 204. The Fifth Circuit has considered several factors relevant to a determination that an employee reasonably could have felt her working conditions were sufficiently intolerable, including: (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement or continued employment on terms less favorable than the employee's former status. *Hooker v. Victoria's Secret Stores, Inc.*, 281 F.3d 1278, *3 (5th Cir. 2001). The Fifth Circuit has further held that a determination of intolerability "depends on the facts of each case," and that the factors are considered "'singly or in combination,' " indicating that no one factor predominates. *Id*.

Ms. Yates maintains that two factors were applicable after she refused to transfer voluntarily to the animal-human pathogen lab. She asserts that she was harassed in the form of downgraded employment evaluations. She also maintains that Dr. Rowe asked her on multiple

6

occasions to retire and that her transfer constituted employment on terms less favorable that her previous position.  While Ms. Yates has demonstrated two factors relevant to constructive discharge, it does not establish a showing of constructive discharge.  The working conditions must be so intolerable that a reasonable person would have felt compelled to resign.  While the court acknowledges that Ms. Yates has a genuine fear of working with animal and human pathogens, this transfer does not give rise to working conditions so intolerable that a reasonable person would be compelled to resign.  Many people engage in such research, and beyond her subjective fear Ms. Yates has not demonstrated any conditions that make the lab intolerable.  She maintains that she, as well as other younger employees, was trained in the aseptic technique and that a younger employee should have been transferred instead of her.  It appears that the working conditions were not so intolerable that employees generally should not be subjected to them; rather, Ms. Yates simply preferred not to leave her current position.  Her failure to establish an adverse employment action means that her prima facie case of age discrimination must fail.

Retaliation

The plaintiff's complaint alleges that she was retaliated against because she declined to switch jobs with Ms. Holmes.  However, in her complaint filed with the EEOC, Ms. Yates did not make an allegation of retaliation, just age discrimination.  29 C.F.R. 1614.103(a) considers complaints of retaliation equivalent to complaints of discrimination for the purposes of the section, and 1614.105(a) requires that an aggrieved person consult an EEO counselor prior to filing a complaint.  Ms. Yates failed to assert retaliation; accordingly, her retaliation claim must be dismissed.

State Law Claims

The defendant also claims that the plaintiff's state law claims for negligent and intentional infliction of emotional distress and breach of employment contract should be dismissed for failure to exhaust administrative remedies pursuant to 28 U.S.C. § 2675(a) of the Federal Tort Claims Act (FTCA). The FTCA bars claimants from bringing suit until they have exhausted their administrative remedies. *Edmonds v. U.S.*, 463 F.Supp.2d 28, 33 (D.D.C. 2006)(citing *McNeil v. U.S.*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993)). A jurisdictionally adequate presentment is one which provides the agency with 1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and 2) a sum-certain damages claim. *Id*. The requirement imposes on claimants a burden of notice, not substantiation, of claims. *Sweeney v. American Registry of Pathology*, 287 F.Supp.2d 1, 4 (D.D.C. 2003).

The letter constituting Ms. Yates' formal complaint states: "Also, I was under medication and treatment by a physician at the time of my retirement due to anxiety, anguish, and stress placed on me by Dr. Rowe." In her letter she also states, "I should not have to sneak away like a thief in the night." The Report of Investigation also denotes that the remedies she requested to resolve the dispute included being left in her current position, allowing her to continue her present duties, and not being subjected to harassment. Ms. Yates never asserted a breach of contract claim. Therefore, Ms. Yates' breach of contract claim is dismissed for failure to exhaust her administrative remedies, but her emotional distress claim is properly before the court. Ms. Yates' state law emotional distress claim arises independently from the previously dismissed

causes of action and does not arise from any tort specifically excepted under 28 U.S.C. § 2680(h).

Accordingly, the defendant's motion [6-1] to dismiss, or in the alternative, for summary judgement is GRANTED IN PART and DENIED IN PART.  Summary judgment on the plaintiff's age discrimination, retaliation, and breach of contract claim is GRANTED.  Summary judgment on the plaintiff's emotional distress claim is DENIED.

This the 19th day of March, 2007.


                                       **/s/ Michael P. Mills**
                                       **UNITED STATES DISTRICT JUDGE**