# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION


QUINNA L. YATES                                                                        PLAINTIFF

V.                                                                               CASE NO. 1:06CV40

MIKE JOHANNS, SECRETARY OF
AGRICULTURE; UNITED STATES
DEPARTMENT OF AGRICULTURE                                                  DEFENDANT


## ORDER

This cause comes before the court on the motion of the United States Department of

Agriculture to dismiss, or in the alternative, to grant summary judgment on the plaintiff's

emotional distress claim. The court has reviewed the briefs and submissions and is prepared to

rule.

The plaintiff's only remaining claim against the United States Department of Agriculture

("USDA") is a state law claim of emotional distress and the defendant has moved to dismiss this

claim pursuant to Fed. R. Civ. Pro. 12(b)(1) for lack of subject matter jurisdiction. Subject

matter jurisdiction can never be forfeited or waived. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126

S.Ct. 1235, 1244, 163 L.Ed. 2d 1097 (2006). A court may base its disposition of a motion to

dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint

supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus

the court's resolution of disputed facts. *Montez v. Department of Navy*, 392 F.3d 147, 149 (5th

Cir. 2004). A "facial attack" on the complaint requires the court to merely look and see if a

plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his

complaint are taken as true for the purposes of the motion. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (1980). A "factual attack," however, challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. *Id.* No presumptive truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case. *Montez*, 392 F.3d at 149.

The USDA contends that the plaintiff's exclusive remedy lies within Title VII or the ADEA, the Civil Service Reform Act (CSRA), or the Federal Employees Compensation Act. The Civil Service Reform Act provides an integrated scheme of administrative and judicial review to balance the interests of federal employees with the needs of sound and efficient administration. *Rollins v. Marsh*, 937 F.2d 134, 137 (5th Cir. 1991) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1998)). In *Rollins*, the Fifth Circuit acknowledged that every circuit rendering an opinion on CSRA preemption of state law claims has concluded that the CSRA did preempt state law remedies for adverse personnel actions. *Id.* at 140. This circuit found the reasoning and uniformity of the other circuits persuasive and has also determined the state law claims are preempted by the CSRA. *Id.* As a federal employee, the plaintiff's state law claim of emotional distress is accordingly preempted. The defendant's motion [19] to dismiss is GRANTED. The case is now closed.

This the 15th day of October, 2007.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**